JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELINA TAN, <br><br> Plaintiff, <br><br> v. <br><br> MORONGO BAND OF MISSION INDIANS, et al., <br><br> Defendants. | NO. CV 13-1506 FMO (SPx) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

On August 30, 2013, the court issued an Order to Show Cause ("OSC") why this case should not be dismissed for lack of subject matter jurisdiction.

A written response to the OSC was ordered to be filed no later than September 12, 2013. Plaintiff was advised that "[f]ailure to submit a response by [September 12, 2013] may be deemed as consent to the dismissal of the action without prejudice." (OSC at 1). As of the filing date of this Order, no response has been filed to the court's OSC.

Accordingly, IT IS ORDERED that the above-captioned case is **dismissed without prejudice** for lack of prosecution and for failure to comply with the orders of the court, pursuant to Local Rule 41.[1]

Dated this 23rd day of September, 2013.

/s/
Fernando M. Olguin
United States District Judge

---

[1] On the merits, it is clear that the court does not have jurisdiction under 28 U.S.C. § 1360, the statute invoked by plaintiff in her Complaint. See K2 America Corp. v. Roland Oil & Gas, LLC, 653 F.3d 1024, 1027-28 (9th Cir. 2011), cert. denied, 132 S.Ct. 1098 (2012) (nothing in § 1360(b) confers jurisdiction on federal courts; "§ 1360(b) limits the exercise of state jurisdiction[.]") (emphasis added); see also Frazier v. Turning Stone Casino, 254 F.Supp.2d 295, 304 (N.D.N.Y 2003) (noting, in a misappropriation case, that § 1360 "concern[s] state court jurisdiction" and "[n]othing in the[] statute[] suggests that [it] create[s] grounds for th[e] Court to exercise federal question jurisdiction over th[e] action or overrule the existing limits on federal jurisdiction").